IN THE UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JAMES E. CROSS, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | CASE NO. 2:21-CV-198-PPS-JPK |
| vs. | § | |
| | § | |
| | § | |
| DICK'S SPORTING GOODS INC., | § | |
| WALMART, INC., KOHL'S, INC., AND | § | |
| AMAZON, INC. | § | |
| | § | |
| DEFENDANTS. | § | |

# DEFENDANT WALMART, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS, OR ALTERNATIVELY, MOTION FOR MORE DEFINITE STATEMENT

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... iii

INTRODUCTION AND BACKGROUND ............................................................... 1

MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF
MAY BE GRANTED ............................................................................................ 3

    Legal Standard for Rule 12(b)(6) Motion ....................................................... 3

    The Court should dismiss the allegations in Count I of the Complaint for
    infringement of the Asserted Patent pursuant to Rule 12(b)(6) because Plaintiff
    alleges infringement only with conclusory allegations ...................................... 4

    The Court should dismiss any allegations in Counts I and II for infringement of
    the '471 Patent pursuant to Rule 12(b)(6)  because the '471
    Patent expired in 2007. ................................................................................. 4

    The Asserted Designs in the '633 Patent and the '136 Patent Are Dictated by Function
    Thereby Invalidating the Plaintiff's Design Patents ........................................ 6

    The Accused Walmart Products and Designs Do Not Infringe the Designs in the
    '633 and '136 Patents.................................................................................... 8

    Plaintiff's claims regarding his trade dress fail to state a claim on which relief can be
    granted because the Complaint fails to give Defendants notice of the scope of what is
    allegedly protected ...................................................................................... 12

    Plaintiff's Complaint fails to adequately describe the purported non-functionality of
    his alleged trade dress ................................................................................. 15

    Plaintiff's alleged trade dress for "convertible t-shirts" is unquestionably functional,
    which makes them ineligible for trade dress protection. ................................... 16

    Plaintiff's Complaint fails to plausibly plead that his trade dress is inherently
    distinctive or has acquired secondary meaning ............................................. 17

MOTION FOR MORE DEFINITE STATEMENT ................................................. 18

CONCLUSION.................................................................................................... 20

# TABLE OF AUTHORITIES

## Cases

*Abercrombie & Fitch Stores,*
230 F.3d at 634 ............................................................................................ 13, 14

*Abercrombie & Fitch Stores, Inv. V. Am. Eagle Outfitters, Inc.,*
280 F.3d 619 (6th Cir. 2002) ...................................................................... 13

*Arlington Specialties, Inc. v. Urban Aid, Inc.,*
847 F.3d 415 (7th Cir. 2017) ...................................................................... 16

*Artrip v. Ball Corp.,*
735 Fed. Appx. 708 (Fed. Cir. 2018) ............................................................ 4

*Arvegenix, LLC v. Seth,*
2014 U.S. Dis. LEXIS 59017 (C.D. Ill. 2014) .............................................. 19

*Ashcroft v. Iqbal,*
556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ...................... 3, 4, 5

*Bank of Am., N.A. v. Knight,*
725 F.3d 815 (7th Cir. 2013) ...................................................................... 19

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ................... 3, 4, 5, 13

*Bodum USA, Inc. v. A Top New Coating, Inc.,*
927 F.3d 486 (7th Cir.), *cert. denied,* 140 S. Ct. 675 (2019) ................... 16

*Brooks v. Ross,*
578 F.3d 574 (7th Cir. 2009) ...................................................................... 19

*Chartwell Studio, Inc. v. Team Impressions, Inc.,*
2020 U.S. Dist. LEXIS 126748 (N.D. Ill. July 20, 2020) ............................. 18

*Collins v. Illinois,*
2006 U.S. Dist. LEXIS 89315 (C.D. Ill. Dec. 11, 2006) ............................... 18

*Dastar Corp. v. Twentieth Century Fox Film Corp.,*
539 U.S. 22 (2003) ........................................................................................ 6

*DO Denim, LLC v. Fried Denim, Inc.,*
634 F. Supp. 2d 403 (S.D. N.Y. 2009) ...................................................... 15, 16

*Dorr-Oliver, Inc. v. Fluid-Quip, Inc.,*
94 F.3d 376 (7th Cir. 1996) ........................................................................ 15

*Eco Mfg., LLC v. Honeywell Int'l., Inc.,*
357 F.3d 649 (7th Cir. 2003) . ................................................................... 15

*E.E.O.C. v. Concentra Health Servs., Inc.,*
496 F.3d 773 (7th Cir. 2007). .................................................................... 3

*Egyptian Goddess, Inc. v. Swisa, Inc.,*
543 F.3d 665 (Fed. Cir. 2008) ...................................................................... 8

*Ethicon Endo-Surgery, Inc. v. Covidien, Inc.,*
796 F.3d 1312 (Fed. Cir. 2015) .................................................................. 8, 11

*Ex Parte Minn. Mining & Mfg. Co.,*
92 U.S. P.Q. 74 Chief Examiner 1952) ........................................................ 6

*Fair Wind Sailing, Inc. v. Dempster,*
764 F.3d 303 (3d Cir. 2014) .................................................................. 12, 14, 15

*George & Co. v. Alibaba.com, Inc.,*
2011 U.S. Dist. LEXIS 143365 (M.D. Fla., Dec. 13, 2011) ......................... 18

*Hallinan v. Fraternal Ord. of Police Chi. Lodge No. 7*,
  570 F.3d 811(7th Cir. 2009) ...................................................................................... 3

*High Point Design LLC v. Buyers Direct, Inc.*,
  730 F.3d 1301 (Fed Cir. 2013) ................................................................................. 13

*In re Morgan*,
  990 F.2d 1230 (Fed. Cir. 1993) .................................................................................. 5

*Incredible Techs, Inc. v. Virtual Techs, Inc.*,
  400 F.3d 1007 (7th Cir. 2005) ................................................................................. 12

*Landscape Forms, Inc. v. Columbia Cascade Co.*,
  113 F.3d 373 (2d Cir. 1997) ........................................................................ 12, 13, 14

*Lee v. Dayton-Hudson Corp.*,
  838 F.2d 1186 (Fed. Cir. 1988) .................................................................................. 7

*McCauley v. City of Chicago*,
  671 F.3d 611 (7th Cir. 2011) ..................................................................................... 4

*Miche Bag, LLC v. Marshall Group*,
  818 F. Supp. 2d 1098 (N.D. Ind. 2010) .................................................................. 12

*Montblanc-Simplo GMBH v. Colibri Corp.*,
  692 F. Supp. 2d 245 (E.D.N.Y. 2010) .................................................................... 18

*Morrison v. YTB Int'l, Inc.*,
  649 F.3d 533 (7th Cir. 2011) ..................................................................................... 3

*Otter Products, LLC v. Fellowes, Inc.*,
  2020 U.S. Dist. LEXIS 112472 (N.D. Ill. June 25, 2020) ...................................... 19

*PHG Techs., LLC v. St. John Cos.*,
  469 F.3d 1361 (Fed. Cir. 2006) .................................................................................. 7

*Qualitex Co. v. Jacobson Prods. Co.*,
  514 U.S. 159 (1995) ................................................................................................. 15

*Scott v. City of Chicago*,
  195 F.3d 950 (7th Cir. 1999) ................................................................................... 18

*Sears Roebuck & Co. v. Stiffel Co.*,
  376 U.S. 225 (1964) ................................................................................................... 6

*Sherwood 48 Assocs. v. Sony Corp. of Am.*,
  76 Fed. Appx. 389 (2d Cir. 2003) ........................................................................... 13

*Specialized Seating, Inc. v. Greenwich Indus., L.P.*,
  616 F.3d 722 (7th Cir. 2010) ................................................................................... 16

*Sports Dimension, Inc. v. Coleman Co.*,
  820 F.3d 1316 (Fed. Cir. 2016) ............................................................................. 6, 7

*Stanard v. Nygren*,
  658 F.3d 792 (7th Cir. 2011) ................................................................................... 19

*Swanson v. Citibank, N.A.*,
  614 F.3d 400 (7th Cir. 2010) ..................................................................................... 4

*TrafFix Devices, Inc. v. Marketing Displays, Inc.*,
  532 U.S. 23, 121 S. Ct. 1255, 149 L. Ed. 2d 164 (2001) ....................................... 16

*Two Pesos, Inc. v. Taco Cabana, Inc.*,
  505 U.S. 763 (1992) ................................................................................................. 12

*Urban Groupo Exercise Consultants, Ltd. v. Dick's Sporting Goods, Inc.*,
  2012 U.S. Dist. LEXIS 110974 (S.D.N.Y. Aug. 2, 2012) ...................................... 16

*Veltmann v. Walpole Pharmacy, Inc.*,
  928 F. Supp. 1161 (M.D. Fl. 1996) ......................................................................... 19

*Weber-Stephen Products LLC v. Sears Holding Corp.*,
  2013 U.S. Dist. LEXIS 15386 (N.D. Ill. 2013) ....................................................... 12

**Statutes**

15 U.S.C. § 1125................................................................................................... 2, 12
15 U.S.C. § 1125(a)(1)(a) .......................................................................................... 12
15 U.S.C. § 1125(a)(3) ............................................................................................... 16
35 U.S.C. § 271 ........................................................................................................... 4
35 U.S.C. § 286........................................................................................................... 5

**Rules**

Fed. R. Civ. P. 8 ........................................................................................................ 19
Fed. R. Civ. P. 8(a)(2) ........................................................................................... 3, 19
Fed. R. Civ. P. 12(b)(6)................................................................................. 1. 3. 4. 14. 20
Fed. R. Civ. P. 12(e)....................................................................................... 3, 18, 20

## A.     INTRODUCTION AND BACKGROUND

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Walmart, Inc. ("Defendant" or "Walmart") respectfully submits this Memorandum of Law in Support of its Motion to Dismiss, or Alternatively, Motion for More Definite Statement.  Defendant Walmart seeks dismissal of Plaintiff James E. Cross's ("Plaintiff" or "Cross") claims for design patent infringement and trade dress infringement as set forth in Plaintiff's Complaint for Patent Infringement and Trade Dress Infringement (DE 1) (the "Complaint").

This is a design patent and trade dress infringement case.  Plaintiff asserts that he is the owner of "all titles in and to" three design patents for "an ornamental design for a T-shirts [*sic*]": U.S. Patent No. Des. 341,471 (the "'471 Patent"), U.S. Patent No. D580,633 (the "'633 Patent"), and U.S. Patent No. 581,136 (the "'136 Patent') (collectively the "Asserted Patents").[1]   On November 23, 1993, the '477 Patent, for the ornamental design of a t-shirt as shown and described, was issued by the United States Patent and Trademark Office.  DE 1-1 at Exhibit 1 (p. 3).  The '633 Patent, claiming the design of a convertible t-shirt, was issued on November 18, 2008, and the '136 Patent, also claiming the design of a convertible t-shirt, was issued on November 25, 2008.  DE 1-1 at Exhibit 1 (pp. 4-5).

Instead of plausibly pleading each element of his design patent infringement and trade dress infringement claims, Plaintiff alleges only the vaguest of generalities, non-specific pictures, and conclusory recitations.  The Complaint merely states that the Defendants have infringed the Asserted Patents and infringed the Plaintiff's trade dress for the ornamental design of a t-shirt as defined by the '471 Patent, the '633 Patent, and the '136 Patent.  The Complaint alleges only that

---

[1] Plaintiff attached only the cover sheets for the '471 Patent, '633 Patent, and '136 Patent.  *See* DE 1-1 at Exhibit 1 (pp. 3-5).  Attached to this motion and incorporated herein by reference as Exhibit A is a true, correct, and complete copy of U.S. Patent No. Des. 341,471; Exhibit B is a true, correct and complete copy of U.S. Patent No. D580,633; and Exhibit C is a true, correct, and complete copy of U.S. Patent No. 581,136.

the Defendants, including Walmart, "has for long-times [*sic*] past and still is infringing actively inducing the infringement of and contributorily infringing" the Asserted Patents. DE 1 at ¶ 21. Plaintiff further alleges that the Defendants are infringing "Trade Dress under section 43 (a) of the Lanham Act by, among other things, importing, e-commerce, making using, offering for sale and/or selling T-shirts with the ornamental design as defined by the Claims of [the Asserted Patents] and without permission from Cross." DE 1-1 at ¶21.

Instead of precisely describing his patent infringement and trade dress claims with any specificity, Cross simply alleges that Defendants infringe the Asserted Patents and "Trade Dress" and attaches screenshots from the Defendants' websites depicting purported "Bike Zip-up jerseys." Complaint at ¶ 20; Prayer (B), (C), and (D); Exhibit 6 (DE 1-1 at pp. 21-23). The entire description of Plaintiff's alleged patent infringement and trade dress claims consists of screenshots of bike racing jerseys from the Defendants' websites. Complaint, Exhibit 6 at pp. 21-23.

Defendant requests that the Court dismiss Plaintiff's patent infringement claims on the grounds that Plaintiff's sparse and vague allegations do not expressly or inferentially support a plausible claim for infringement of the three design patents. Moreover, one of the Asserted Patents ('471 Patent) expired almost fourteen years ago in 2007. The statute of limitations has long since expired, and the Defendant cannot be found liable on the basis of activities occurring after patent expiration. The asserted designs in the remaining two patents ('136 Patent and '633 Patent) are dictated by function, thereby invalidating the patents. And the accused Walmart cycling jerseys do not infringe the designs of the convertible t-shirts shown and described in the '136 Patent and the '633 Patent. The accused Walmart cycling jerseys differ significantly in appearance from the patented designs. The claimed and accused designs are distinct and dissimilar, meaning there can be no infringement of the '633 Patent and the '136 Patent as a matter of law.

2

Defendant requests dismissal of Plaintiff's claims for trade dress infringement because Plaintiff has attempted to plead a trade dress claim with nothing more than a single conclusory allegation. Defendant has failed to adequately identify the features of his alleged trade dress, failed to identify any factual basis for the purported non-functionality of his alleged trade dress, and failed to plead that his trade dress is inherently distinctive or has acquired secondary meaning.

If the Court should decline to dismiss Plaintiff's patent and trade dress infringement claims, Defendant, in the alternative, moves for a more definite statement pursuant to FED. R. CIV. P. 12(e) requiring Plaintiff to specify which allegations he asserts against which defendant and to plead with the requisite level of specificity his patent and trade dress infringement against Defendant Walmart.

## B. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

### 1. Legal Standard for Rule 12(b)(6) Motion

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint's "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007). Rule 8(a)(2) "demands more than an unadorned, the defendant-unlawfully harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Morrison v. YTB Int'l, Inc.*, 649 F.3d 533, 538 (7th Cir. 2011). A claim is plausible if "the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  While factual allegations are entitled to the assumption of truth, legal conclusions are not. *Iqbal*, 556 U.S. at 678–79. *Twombly* and *Iqbal* "require the plaintiff to 'provide[e] some specific facts' to support the legal claims asserted in the complaint." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).  The plaintiff "must give enough details about the subject matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

> **2.** **The Court should dismiss the allegations in Count I of the Complaint for infringement of the Asserted Patents pursuant to Rule 12(b)(6) because Plaintiff alleges infringement only with conclusory allegations.**

Plaintiff's factual allegations are very sparse.  The counts of infringement in Plaintiff's complaint allege merely that Defendant's products infringe the Plaintiff's design patents.  Plaintiff merely asserts in Count II that Defendants collectively, including Walmart, have "for a long-times past and still is infringing actively inducing the infringement of and contributorily infringing in this judicial district, the patents'633, '136, and '471 patents . . . ." DE 1, ¶ 20.  The Complaint includes purported photos of the accused Walmart cycling jerseys.  DE 1-1, Exhibit 6.  But the pictures of the alleged infringing products fail to bring any clarity to Plaintiff's claims, inasmuch as they depict the entire product without reference to any particular features.  These alleged facts do not expressly or inferentially support a plausible claim for infringement of Plaintiff's design patents, and thus, the complaint should be dismissed. *See Artrip v. Ball Corp.*, 735 Fed. Appx. 708, 714, n. 4 (Fed. Cir. 2018); *Iqbal*, 556 U.S. at 678; *Twombly,* 550 U.S. at 570.

   3.     **The Court should dismiss any allegations in Counts I and II for infringement of the '471 Patent pursuant to Rule 12(b)(6) because the '471 Patent expired in 2007.**

The Court should dismiss any patent infringement claims under the '471 Patent because this patent expired fourteen years ago on November 23, 2007, and the Defendant cannot be found liable on the basis of activities occurring after patent expiration.  *See e.g.*, 35 U.S.C. § 271 ("[W]hoever without authority makes, uses, offers to sell, or sells any patented invention . . . *during the terms of the patent therefor,* infringes the patent.") (emphasis added).

The '471 Patent issued directly from Patent Application No. 304,310, filed on July 24, 1989, and issued on November 23, 1993.  The face of the '471 Patent reflects that the term of the patent was fourteen years.  *See* '471 Patent (DE 1-1 at Exhibit 1).  As a result, the '471 Patent expired on November 23, 2007, fourteen years ago.

The allegations in Count II allege that Defendant "has for a long-times past . . . infringing actively inducing the infringement of and contributorily infringing" the '471 Patent, but Plaintiff fails to state plausible factual allegations that, if true, would establish that Walmart is liable for infringement regarding the Walmart products prior to the '471 Patent's expiration in November 2007.  A complaint must allege infringement during a patent's terms, and nothing in Plaintiff's complaint alleges any conduct by Walmart involving the Walmart products (or any other product) that occurred prior to November 2007.

Moreover, any claims for infringement under the 471 Patent are barred by the applicable statute of limitations.  Under 35 U.S.C. § 286, "[e]xcept as otherwise provided by law, no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action."  35 U.S.C. § 286.  In applying this section, one starts from the filing of a complaint and counts backward to determine the date before which

infringing acts cannot give rise to a right to recover damages.  Accordingly, a patentee "may bring a patent infringement action up to six years after the [patent] expires."  *In re Morgan*, 990 F.2d 1230, 1232 (Fed. Cir. 1993).  Here, Plaintiff had to bring any claims for infringement of the '471 Patent before November 23, 2013, but Plaintiff did not do so.

Under *Iqbal* and *Twombly*, the Complaint must allege facts sufficient to show that a claim of infringement is possible.  Because the Complaint includes no factual allegations regarding how Defendant Walmart could have plausibly infringed the '471 Patent before the patent expired in 2007, the Court should dismiss any infringement allegations relating to the '471 Patent in Counts I and II.

The expiration of the '471 Patent preempts any federal trade dress claims relating to the design once protected by the '471 Patent, including the shape and features of the t-shirt.  Once the '471 Patent expired, the "monopoly created by it expire[d], too, and the right to make the article – including the right to make it in precisely the shape it carried when patented – pass[ed] to the public."  *Sears Roebuck & Co. v. Stiffel Co.*, 376 U.S. 225, 230 (1964); *see also Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 33 (2003) (noting the right to make an article whose patent has expired in "precisely the shape it carried when patented—passes to the public").  To the extent that Plaintiff's trade dress claims are premised on the design shown in the expired '471 Patent, such claims are now barred because the design is no longer protected, and the public is free to use it.  *See Ex Parte Minn. Mining & Mfg. Co.*, 92 U.S. P.Q. 74, 76 (Chief Examiner 1952) ("[I]t has been held that upon the expiration of a design patent, the subject matter becomes dedicated to the public, and that an extension of protection cannot be obtained under the form of trademark or analogous protection."

4.      **The Asserted Designs in the '633 Patent and the '136 Patent Are Dictated by Function Thereby Invalidating the Plaintiff's Design Patents**

Plaintiff's claims for infringement of the '633 Patent and the '136 Patent are deficient and must be dismissed.  While "a design may contain both functional and ornamental elements, . . . the scope of a design patent claim must be limited to the ornamental aspects of the design."  *Sports Dimension, Inc. v. Coleman Co.*, 820 F.3d 1316, 1320 (Fed. Cir. 2016) (citation and internal quotation marks omitted).  "'Where a design contains both functional and non-functional elements, the scope of the claim must be construed in order to identify the non-functional aspects of the design as shown in the patent.'" *Id.* (citation omitted).  To determine whether a claimed design is dictated by function (and thus invalid), the courts consider the following factors:

> whether the protected design represents the best design; whether alternative designs would adversely affect the utility of the specified article; whether there are any concomitant utility patents; whether the advertising touts particular features of the design as having specific utility; and whether there are any elements in the design or overall appearance clearly not dictated by function.

*Id.* (quoting *PHG Techs., LLC v. St. John Cos.*, 469 F.3d 1361, 1366 (Fed. Cir. 2006).  "[A] design patent cannot claim a purely functional design – a design patent is invalid if its overall appearance is 'dictated by' its function."  *Id.* at 1320 (citation omitted).

Here, Plaintiff has made no attempt to identify the non-functional aspects, *if any*, of his designs shown in the asserted design patents.  Rather, as explained, a review of the actual design patents shows that both are even named "Convertible T-Shirt" and both patents claim a "design for a convertible t-shirt" and feature zippers that allow for various conversions.  The reason that the patented t-shirt in the '633 Patent is called "convertible" is because the zippers in the front and the back allow the t-shirt to be converted into various configurations.  DE 1-1 at Exhibit 1 (p. 4).  The '136 patented design includes zippers up the front and back of the t-shirt, along with zippers around each armhole and around the elbows of the t-shirt.  DE 1-1 at Exhibit 1 (p. 5).  Again, the

reason that the patented t-shirt at issue is called "convertible" is because the zippers in the front and the back and around each armhole and elbow allow the t-shirt to be converted into various configurations constituting functional features of the garment. Plaintiff has not stated a claim against the defendants as to the non-functional features of the design, assuming there are any.

Therefore, in view of overwhelming evidence of functionality, the Complaint must do more than make conclusory, vague assertions regarding infringement and non-functionality. *See Lee v. Dayton-Hudson Corp.*, 838 F.2d 1186, 1190 (Fed. Cir. 1988) ("[I]t is the non-functional, design aspects that are pertinent to determination of infringement."). Here, Plaintiff has failed to even make the barest of assertions regarding infringement and has failed to make any allegations regarding non-functionality. Without something more, Plaintiff has failed to state tenable claims of alleged design patent infringement.

### 5. The Accused Walmart Products and Designs Do Not Infringe the Designs in the '633 and '136 Patents

Even if the Court were to entertain that the designs in the '633 and '136 Patents were non-functional, Plaintiff's Patent infringement claims are still fatally defective. Courts use the "ordinary observer" test to analyze whether an accused product infringes a patented design. *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015). "A design patent is infringed '[i]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other.'" *Id.* (quoting *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008)). When the claimed and accused designs are "sufficiently distinct" and "plainly dissimilar" there can be no infringement as a matter of law. *Id.*

A comparison of the patented designs against the accused cycling jerseys sold by Walmart, (identified and included in Exhibit 6 to the Complaint) shows that there can be no infringement. DE 1-1, Exhibit 6 ("Walmart, Inc. Bike Zip-up jerseys photo").  Plaintiff only attached the title pages of the '633 Patent and '136 Patent, and the accused product images attached to the Complaint are of poor quality.  *See* DE 1-1, Exhibit 1 (pp. 5-6) and Exhibit 6 (Walmart).  But while the other images from the patent and better-quality screenshots would allow a more meaningful comparison, it is still evident from the exhibits included in the Complaint that the patented design and the accused designs are "sufficiently distinct" and "plainly dissimilar", thus avoiding infringement.  In the following comparison, the figure from the '633 Patent (Exhibit B) is shown on the left and the accused Walmart product is shown on the right:

**'633 Patent**              **Walmart Accused Product**

The '633 Patent is directed to an "ornamental design for a convertible T-shirt", which includes a zipper from the top to the bottom in the front of the t-shirt and a second zipper that goes

up the back of the t-shirt.  *See* '633 Patent (Exhibit B).  And the patented design depicts a sleeveless t-shirt.  The reason that the patented t-shirt at issue is called "convertible" is because the zippers in the front and the back allow the t-shirt to be converted into various configurations.  DE 1-1 at Exhibit 1 (p. 4).  Each of the accused Walmart cycling jerseys depicted in Exhibit 6 to Plaintiff's Complaint feature only a hidden zipper in the front; none of the accused cycling jerseys has a zipper in the back; and none of the accused products is sleeveless—each accused cycling jersey has short sleeves.  DE 1-1 at Exhibit 6 (pp. 21-23).

Additional figures from the '633 Patent, as shown below, confirm that the patented design requires zippers in the front and back of the "convertible T-shirt" ('633 Patent, Exhibit B):



In the comparison below, the figure from the '136 Patent (Exhibit C) is shown on the left and one of the Walmart accused products is shown on the right (DE 1-1 at Exhibit 6, p. 22):

**'136 Patent**                                    **Walmart Accused Product**




As with the '633 Patent, the '136 Patent is directed to an "ornamental design for a convertible T-shirt."  The '136 patented design requires zippers up the front and back of the t-shirt, along with zippers around each armhole and elbows of the t-shirt.  DE #1-1 at Exhibit 1 (p. 5).  And here, the patented design depicts a long-sleeve t-shirt. Again, the reason that the patented t-shirt at issue is called "convertible" is because the zippers in the front and the back and around each armhole and elbow allow the t-shirt to be converted into various configurations.  DE 1-1 at Exhibit 1 (p. 5). Each of the accused Walmart cycling jerseys depicted in Exhibit 6 to the Complaint features a hidden zipper in the front; none of the accused cycling jerseys has a zipper in the back; none of the accused cycling jerseys features zippers around the armhole and elbow; and none of the accused products has long sleeves—each Walmart cycling jersey has short sleeves.

Additional figures from the '136 Patent show that the patented design includes multiple zippers – front, back, armholes, and elbows ('136 Patent, Exhibit C):

11



As these comparisons show, the accused Walmart cycling jerseys differ significantly in appearance from the patented designs.  The claimed and accused designs are distinct and dissimilar, meaning there can be no infringement of the 633 Patent and the '136 Patent as a matter of law.  *Ethicon Endo-Surgery*, 796 F.3d at 1335.

> **6.**     **Plaintiff's claims regarding his trade dress fail to state a claim on which relief can be granted because the Complaint fails to give Defendants notice of the scope of what is allegedly protected**

Plaintiff Cross's trade dress infringement claims fail as a matter of law because Plaintiff fails to describe his alleged trade dress with the kind of specificity needed to adequately notify Defendant regarding exactly what Plaintiff claims is protected.  Trade dress "is essentially [the] total image and overall appearance" of a product, and "may include features such as size, shape, color or color combinations, texture, graphics, or even particular sales techniques."  *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 764 n. 1 (1992); *Miche Bag, LLC v. Marshall Group*, 818 F. Supp.  2d 1098, 1103 (N.D. Ind. 2010).  Trade dress receives protection under Section 43(a)(1) of the Lanham Act provides a private right of action against "[a]ny person who, on or in connection

with any goods or services . . . uses in commerce . . . any false designation of origin . . . which is likely to cause confusion . . . as to the . . . origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125(a)(1)(a); *see also Weber-Stephen Products LLC v. Sears Holding Corp.*, No. 13-cv-01686, 2013 U.S. Dist. LEXIS 15386, *2 (N.D. Ill. Oct. 25, 2013). To state a plausible claim for trade dress infringement, Plaintiff must define his trade dress and plead sufficient facts to show that the trade dress is nonfunctional, that the trade dress is inherently distinctive or has acquired secondary meaning, and that there is a likelihood of confusion between the plaintiff's trade dress and that of a competitor. *See Incredible Techs, Inc. v. Virtual Techs, Inc.*, 400 F.3d 1007, 1015 (7th Cir. 2005); *Weber-Stephen Products*, 2013 U.S. Dist. LEXIS 15386, at *8. In addition to satisfying these elements, "it is the plaintiff's duty to 'articulate[e] the specific elements which comprise its distinctive dress." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303 (3d Cir. 2014) (quoting *Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381 (2d Cir. 1997). This enhanced burden is meant to avoid exceedingly general claims that seek coverage for something that is unprotectable, i.e., the type of claims made here. *Landscape Forms*, 113 F.3d at 381.

To allege a trade dress violation under § 1125(a), a plaintiff must describe the asserted trade dress in some detail. The plaintiff must provide more than mere "labels and conclusions" that resemble the "formulaic recitation of the elements" for a trade dress violation. *Twombly*, 550 U.S. at 555. "[I]t will not do to solely identify in litigation a combination as 'the trade dress." Rather, the discrete elements which make up that combination should be separated out and identified in a list." *Abercrombie & Fitch Stores, Inv. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 634 (6th Cir. 2002); *see also High Point Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301, 1317 (Fed Cir. 2013) (quoting *Sherwood 48 Assocs. v. Sony Corp. of Am.*, 76 Fed. Appx. 389, 391 (2d

Cir. 2003)) (to state a trade dress claim, a "party must set forth 'a precise expression of the characteristics and scope of the claimed trade dress.'").

Plaintiff Cross has failed to meet his burden of describing his trade dress with any degree of specificity. Instead of plausibly pleading each element of his trade dress claim, Plaintiff only references his "ornamental design for T-shirts" and non-specific photographs attached to his Complaint. Under "Claim for Patents and Trade Dress Infringement", Plaintiff alleges in Count I only that "3 patents were duly and legally issued to [Plaintiff] for an ornamental design for a T-shirts [*sic*]." Complaint at ¶¶14–19. Here Plaintiff seems to confuse a trade dress claim with a design patent infringement claim. In Count II, the Complaint only alleges that Defendants "has [*sic*] for a long-times past and still is infringing actively inducing the infringement of and contributorily infringing in this judicial district . . . Trade Dress Under section 43(a) of the Lanham Act . . . importing, e-commerce, making, using, offering for sale, and/or selling T-shirts with the ornamental design as defined by the claim of the '633,136,471 and without permission from Cross." Plaintiff's vague allegations lack any discernible meaning. The pictures of the alleged infringing products attached to the Complaint fail to bring any clarity to Plaintiff's claims, inasmuch as they depict the entire product without reference to any particular features. Plaintiff's trade dress claims therefore fail to meet the applicable pleading standards under Rule 12(b)(6).

Plaintiff's trade dress allegations are not enough to place this Court or Defendant on notice of what exactly Plaintiff believes is his protectable trade dress. Plaintiff has failed to provide any description of his purported trade dress. Instead of precisely identifying the character and scope of his trade dress, Cross simply alleges that Defendants "infringe" "Trade Dress" "Trade Dress Federal law" and attaches screenshots from the Defendants' websites depicting purported "Bike Zip-up jerseys." Complaint at ¶ 20; Prayer (B), (C), and D; Exhibit 6 (DE 1-1 at pp. 21-23). The

14

entire description of Plaintiff's alleged trade dress consists of screenshots of bike racing jerseys from the Defendants' websites.  Although courts must assess the overall appearance of trade dress for similarity, that principle does not mean that simply pointing to a product's overall appearance is enough to state a claim for trade dress.  Rather the overall appearance of the trade dress comes into play only *after* the trade dress is first properly identified with the "discrete elements which make up that combination . . . separated out and identified in a list." *Abercrombie & Fitch Stores,* 230 F.3d at 634; *see also Landscape Forms*, 113 F.3d at 381 ("Nonetheless, focus on the overall look of a product does not permit a plaintiff to dispense with an articulation of the specific elements which comprise its distinct dress.  Without such a precise expression of the character and scope of the claimed trade dress, litigation will be difficult, as courts will be unable to evaluate how unique and unexpected the design elements are in the relevant market.").

Without some minimum factual detail as to the specific elements which comprise his distinct trade dress, Plaintiff's pleading is insufficient to put the Court and Defendant on notice of what Plaintiff believes is his protectable trade dress.  The courts have confirmed that conclusory or non-specific definitions of trade dress are not sufficient to pass Rule 12 scrutiny.  *See, e.g.*, *Fair Wind Sailing*, 764 F.3d at 310 ("Because Fair Wind has failed to give [d]efendants adequate notice of what overall look it wishes to protect, its trade dress claims cannot survive [d]efendants' motion to dismiss").

### 7.    Plaintiff's Complaint fails to adequately describe the purported non-functionality of his alleged trade dress

Plaintiff's trade dress claim fails as a matter of law because Plaintiff fails to explain how the trade dress elements are non-functional.  Plaintiff attempts to plead a trade dress claim without identifying his trade dress and addressing the dispositive issue of non-functionality.  The law requires a detailed description of how and why the claimed trade dress is non-functional—an

element which is significant here since a zipper (certainly those depicted in Exhibit 6 to the Complaint) serves a functional purpose.  Non-functionality is an important part of the trade dress analysis and is intended to encourage legitimate competition by maintaining the distinctions between trade dress law and patent law and by preventing parties from obtaining indefinite monopolies over new product designs or inventions.  *Qualitex Co. v. Jacobson Prods. Co.*, 514 U.S. 159, 164–65 (1995).

A trade dress plaintiff cannot prevail if he fails to meet his burden of proving non-functionality.  *Dorr-Oliver, Inc. v. Fluid-Quip, Inc.*, 94 F.3d 376, 380 (7th Cir. 1996).  If a feature of the alleged trade dress is "essential to the use or purpose of the article or it affects the cost or quality of the article," that feature is functional and non-protectable under trade dress law.  *Qualitex*, 514 U.S. at 165; *Eco Mfg., LLC v. Honeywell Int'l., Inc.*, 357 F.3d 649 (7th Cir. 2003).

Accordingly, courts examining the issue of non-functionality at the pleading stage have required a trade dress plaintiff to allege *how and why* the supposed trade dress is non-functional. *See, e.g.*, *DO Denim, LLC v. Fried Denim, Inc.*, 634 F. Supp. 2d 403, 40 (S.D.N.Y. 2009) (dismissing plaintiff's trade dress infringement claim, noting, "The [a]mended complaint includes a conclusory assertion that the [product] is 'unique and nonfunctional,' but proffers no factual allegations demonstrating that design is not aesthetically or otherwise functional."); *Urban Group Exercise Consultants, Ltd. v. Dick's Sporting Goods, Inc.*, No. 12 Civ. 3599, 2012 U.S. Dist. LEXIS 110974, *16-17 (S.D.N.Y. Aug. 7, 2012) ("Because the [a]mended [c]omplaint fails to allege facts conclusively establishing [p]laintiff's trade dress to be non-functional, [p]laintiff has failed to assert a valid cause of action for trade dress infringement.").

**8.    Plaintiff's alleged trade dress features for "convertible t-shirts" is unquestionably functional, which makes them ineligible for trade dress protection.**

Even if Plaintiff's allegations of his trade dress were sufficient to identify the trade dress at issue (which it is not), the trade dress claim still fails because the features of the purported trade dress are functional.  A functional feature is not entitled to trade dress protection, and as discussed above, Plaintiff must prove non-functionality.  15 U.S. C. §§ 1125(a)(3).  "A product feature is functional . . . 'if it is essential to the use or purpose of the article [,] if it affects the cost or quality of the article,'" or "if its exclusive use 'would put competitors at a significant non-reputation-related disadvantage.'"  *Arlington Specialties, Inc. v. Urban Aid, Inc.*, 847 F.3d 415, 419 (7th Cir. 2017) (quoting *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 32–33 (2001)).  Even if a feature is not essential to the article's use or purpose or does not affect the article's cost or quality, the feature may still be functional if it is "a competitive necessity" that would put "competitors at a significant non-reputational-related disadvantage" if they could not use the feature."  *Bodum USA, Inc. v. A Top New Coating, Inc.*, 927 F.3d 486, 491 (7th Cir. 2019), *cert. denied*, 140 S. Ct. 675 (2019); *Specialized Seating, Inc. v. Greenwich Indus., L.P.*, 616 F.3d 722, 727 (7th Cir. 2010) (a product's design is functional when it "looks the way it does in order to be a better [product], not in order to be a better way of identifying who made it").

Here, the functionality of the "convertible t-shirts" is both explained and illustrated in the asserted '633 Patent and the '136 Patent.  The garments at issue are called "convertible" t-shirts because they can be converted into different styles and looks.  The reason that the design in the '633 Patent is called "convertible" is because the zippers in the front and the back allow the t-shirt to be converted into various configurations.  DE 1-1, Exhibit 1 (p. 4).  Likewise, the zippers in the front and the back and around each armhole and elbow of the design shown in the '136 Patent

17

allow the t-shirt to be converted into various configurations.  As a matter of law, a functional feature cannot serve as trade dress, and Plaintiff fails to allege plausible facts identifying any non-functional elements that could be protected as a trade dress.

### 9.    Plaintiff's Complaint fails to plausibly plead that his trade dress is inherently distinctive or has acquired secondary meaning

As mentioned, in addition to being nonfunctional, trade dress must be either distinctive as to the source of goods or have secondary meaning.  As a result of the lack of any description of his trade dress, Plaintiff has also failed to plausibly plead that his trade dress is inherently distinctive, or that it has acquired secondary meaning, a necessary element of any trade dress claim. Although Plaintiff must only "plausibly suggest" that his trade dress is inherently distinctive in the minds of consumers or has achieved secondary meaning to survive a motion to dismiss, Plaintiff has failed to do so.  Plaintiff has not even offered the most cursory of allegations, nor has Plaintiff offered any evidence showing that his t-shirts include trade dress that has become distinctive in the minds of consumers.

Plaintiff only references a purportedly patented "ornamental design for a T-shirts [*sic*]," and then Plaintiff refers to what he calls "Bike-Zip jerseys" and screenshots of products from the Defendants' websites.  Plaintiff has made absolutely no attempt to allege that his own trade dress is so inherently distinctive that it signals to a consumer that the design belongs to Plaintiff. Although Plaintiff has attached photographs of "bike jerseys" (without pointing out the specific products that allegedly infringe his trade dress), Plaintiff has not included any illustrations or photographs depicting his own purported trade dress.  Without some illustration or description of his protected trade dress to give definition to his vague and conclusory statements and allegations, Plaintiff cannot state a claim for infringement.

Just as he has offered only the vaguest and most conclusory of statements regarding his

patent infringement claims in this case, Plaintiff has failed to meaningfully limit his trade dress claim.  Plaintiff apparently alleges that he owns the design and trade dress relating to any t-shirt or bike jersey that includes a zippered front.  Plaintiff's "asserted trade dress cannot be unlimited in scope."  *Chartwell Studio, Inc. v. Team Impressions, Inc.*, No. 19-cv-06944, 2020 U.S. Dist. LEXIS 126748, *9 (N.D. Ill. July 20, 2020).  And "trade dress based on product design alone can never be inherently distinctive."  *Montblanc-Simplo GMBH v. Colibri Corp.*, 692 F. Supp. 2d 245, 254 (E.D.N.Y. 2010).

## C.   MOTION FOR MORE DEFINITE STATEMENT

Alternatively, the Court should order Plaintiff Cross to clarify his asserted patent infringement and trade dress claims.  Rule 12(e) of the Federal Rules of Civil Procedure provides:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

FED. R. CIV. P. 12(e).  "Under this rule, when a complaint alleges that multiple defendants are liable for multiple claims, courts must determine whether the complaint gives adequate notice to each defendant."  *George & Co. v. Alibaba.com, Inc.*, No. 2:10-cv-719-TfM-29DNF, 2011 U.S. Dist. LEXIS 143365, *4 (M.D. Fla. Dec. 13, 2011).  A Rule 12(e) motion may be appropriate when a complaint fails to put a defendant on notice as to which of the claims apply to what parties. *See Collins v. Illinois*, No. 03-3159, 2006 U.S. Dist. LEXIS 89315, *12 (C.D. Ill. Dec. 11, 2006) (granting a Rule 12(e) motion when the court was unable to ascertain which of the plaintiff's claims applied to each individual defendant, giving the defendants' deficient notice of the allegations against them); *see also Scott v. City of Chicago*, 195 F.3d 950, 952 (7th Cir. 1999).  Accordingly, at times, a plaintiff's "grouping" of defendants in a complaint may require a more definite statement. *See Veltmann v. Walpole Pharmacy, Inc.*, 928 F. Supp. 1161, 1164 (M.D. Fla. 1996).

In addition, Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(2). "The primary purpose of [Rule 8] … is to give defendants fair notice of the claim against them and the grounds supporting the claims." *Stanard v. Nygren*, 658 F.3d 792 (7th Cir. 2011). For a claim to be plausible and to meet the notice requirements of Rule 8, the complaint must explain each defendant's allegedly wrongful actions. *See Bank of Am., N.A. v. Knight*, 725 F.3d 815 (7th Cir. 2013) ("The Rules of Civil Procedure set up a system of notice pleading. Each defendant is entitled to know what he or she did that is asserted to be wrongful."). Because each defendant must be put on notice regarding the scope of the claim against it, "[a] complaint based on a theory of collective responsibility *must* be dismissed." *See id.* (Emphasis added)); *see also Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009).

Plaintiff Cross makes various allegations against Defendants collectively, but this blurring of identities makes it impossible for each to know how the allegations apply to it. A complaint does not comply with the pleading requirements of Rule 8 when it lumps the defendants together and does not specify who was involved in what activity. *See Arvegenix, LLC v. Seth,* No. 13-cv-1253, 2014 U.S. Dis. LEXIS 59017, at *7 (C.D. Ill. Apr. 29, 2014).

Moreover, Plaintiff should be required to plead his patent and trade dress claims with specificity. Although "generally motions for more definite statement are not favored," courts have recognized the importance of plaintiff defining its trade dress at the pleading stage. *See Otter Products, LLC v. Fellowes, Inc.*, No. 19-cv-6195, 2020 U.S. Dist. LEXIS 112472, *8 (N.D. Ill. June 25, 2020). Given the Plaintiff's lack of any information or detail regarding his trade dress claims, "[t]his is a circumstance 'where the movant cannot reasonably be required to frame an

answer or other responsive pleading to the pleading in question," without more detail as to what elements compose Plaintiff's trade dress.  *Id.* (quoting FED. R. CIV. P. 12(e)).

**D.      CONCLUSION**

For the reasons stated above, Defendant Walmart, Inc. respectfully requests that the Court dismiss, pursuant to FED. R. CIV. P. 12(b)(6), Plaintiff's Complaint against Defendant for alleged design patent and trade dress infringement and that such dismissal of each alleged cause of action be with prejudice.  In the alternative, Defendant Walmart, Inc., requests that Plaintiff James E. Cross be required to file a more definite Complaint articulating each element of his purported claims for design patent and trade dress infringement and the factual basis for such claims against Defendant Walmart, Inc. with specificity.

Respectfully submitted,

FROST BROWN TODD LLC

By:  */s/Carly J. Tebelman*
Carly J. Tebelman, #34796-49
201 North Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN 46244-0961
Telephone:      (317) 237-3800
Facsimile:      (317) 237-3900
Email:          ctebelman@fblaw.com

ANDERSON & CUNNINGHAM, P.C.

*/s/David K. Anderson*
David K. Anderson (*Pro Hac Vice*)
Four Houston Center
1221 Lamar, Suite 1115
Houston, Texas 77010
Telephone:      713-655-8400
Facsimile:      713-655-0260
Email:          david@andersonlawfirm.com

*Attorneys for Defendant Walmart, Inc.*

21

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument was filed electronically and that a copy of this document was served upon all counsel of record pursuant to the Federal Rules of Civil Procedure and via the Court's CM/ECF on this 6th day of October 2021. I further certify that a copy was also sent by U.S. Mail to the following *pro se* party:

James E. Cross
120 Glencove Drive
Michigan City, IN 46360

*/s/Carly J. Tebelman*
Carly J. Tebelman

EN20856.Public-20856   4830-8198-4766v1

22