UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMES E. CROSS, | ) |
| Plaintiff, | ) |
| v. | ) NO. 2:21CV198-PPS/JPK |
| DICK'S SPORTING GOODS, INC, KOHL'S INC, WALMART INC, and AMAZON INC, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Plaintiff James E. Cross brings this action without the assistance of an attorney, alleging that each of the giant retailer defendants – Dick's Sporting Goods, Kohl's, Walmart, and Amazon – is liable to him for patent infringement and trade dress infringement. The claims are based on Cross's ownership of three United States Design Patents. The first, U.S. Patent No. Des. D341,471 dated November 23, 1993, is for an "ornamental design for a T-shirt." [DE 1-1 at 3.] Both the second and third patents, U.S. Patent No. D580,633S, dated November 18, 2008, and No. D581,136S dated November 25, 2008, also claim an "ornamental design for a convertible t-shirt." [DE 1-1 at 4, 5.] Aside from identifying Cross as the owner of the three patents, the substantive content of the complaint is entirely threadbare. Cross merely claims that each defendant has:

> for a long-times past and still is infringing actively inducing the infringement of and contributorily infringing in this judicial district, the patents '633, 136, and 417..., and Trade Dress Under section 432(a) of the Lanham Act by, among other things, importing, e-commerce, making, using, offering for sale, and/or selling T-shirts with the ornamental design

> as defined by the claim of the '633, 136, [and] 471 [patents] and without permission from Cross.

[DE 1 at ¶21.]  On that basis, Cross seeks declaratory relief, an injunction, and an accounting for damages. [*Id*. at 5-6.]  Motions to dismiss (or for more definite statement) have been filed by each defendant, are fully briefed, and ripe for ruling.

Walmart was the first to file, moving to dismiss on the ground that Cross's "single conclusory allegation" is insufficient to meet federal pleading standards and lacks the specificity required to state a claim for trade dress infringement.  [DE 32 at 2-3.]  If the motion to dismiss is denied, Walmart requests that the court order plaintiff to amend the complaint to provide a more definite statement, pursuant to Fed.R.Civ.P. 12(e).  [*Id*. at 3.]  All the defendants offer a version of this same contention about the inadequacy of Cross's pleading.  This argument reaches the heart of what is fundamentally deficient about Cross's complaint.

A motion under Fed.R.Civ.P. 12(b)(6) challenges the sufficiency of the complaint "to state a claim upon which relief can be granted." As the Supreme Court decided in 2007, Rule 12(b)(6) requires "a claim to relief that is plausible on its face," which in turn requires factual allegations sufficient to permit a reasonable inference that a defendant is liable for the misconduct alleged.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007).  Cross relies on older decisions to erroneously suggest he has little or no obligation to plead facts at all.  To the contrary, even though a pro se litigant like Cross is entitled to more leeway than a trained attorney in pleading his case, the complaint

2

must still "allege facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief" if it is going to avoid dismissal for failure to state a claim. *Filler v. United States*, 602 Fed.Appx. 518, 520 (Fed.Cir. 2015) (quoting *Acceptance Ins. Cos. v. United States*, 583 F.3d 849, 853 (Fed.Cir. 2009) and *Twombly*, 550 U.S. at 557). *See also Shelton v. United States*, 539 Fed.Appx. 1011, 1013 (Fed. Cir. 2013). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Filler*, 602 Fed.Appx. at 520, quoting *Twombly*, 550 U.S. at 555.

Cross says he has claims for patent infringement and trade dress infringement. The Federal Circuit recently "address[ed] the stringency of pleading requirements in cases alleging patent infringement" in a case involving patents relating to video games. *Bot M8 LLC v. Sony Corporation of America*, 4 F.4th 1342, 1346 (Fed. Cir. 2021). The court held that "a plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC*, 4 F.4th at 1353. At the very least, this language indicates that an infringement claim must specifically identify the products accused of infringing. The text of Cross's complaint contains no effort at all to do this.

Attached to the complaint are Exhibits 5 through 8, one for each defendant, containing one or more screenshots of zip-up jerseys as advertised for sale on the defendant's website. Exhibit 5 consists of a single screenshot of one jersey on the Dick's

3

Sporting Goods website. [DE 1-1 at 19.] Exhibit 6 for Walmart shows three jerseys on Walmart.com. [DE 1-1 at 21-22.] Exhibit 7 includes the image of one jersey advertised on Kohls.com. [DE 1-1 at 25.] Exhibit 8 for Amazon.com consists of 6 pages depicting more than 3 dozen cycling jerseys. [DE 1-1 at 29-34.] The complaint makes no reference to these exhibits and offers no allegations about the products depicted. Cross fails to allege what the particular accused products offered by each retailer are. Even if, without any language indicating so, Walmart assumes that all three jerseys depicted in Exhibit 6 are alleged to infringe, the conclusory nature of the complaint means Cross does not "articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC*, 4 F.4th at 1353. Cross's complaint does not "describe the claim in sufficient detail to give the defendant fair notice of the claim and the basis for it." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008).

As Walmart puts it: "the pictures of the alleged infringing products failed to bring any clarity to Plaintiff's claims, inasmuch as they depict the entire product without reference to any particular features." [DE 52 at 4.] To the extent Cross speaks in his opposition of his invention as a design "with relatively light material featuring the patented separating zipper down the front" [DE 44 at 10], this minimal explanation comes too late. What is argued in briefing cannot be considered to amend a pleading, and cannot attempt to rectify deficiencies of a complaint. *Bissessur v. Indiana University Bd. of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009) (a complaint may not be amended by the plaintiff's opposition to a motion to dismiss). What's worse, Walmart complains that

4

with Cross's two filings in opposition to the motion to dismiss, he has included images of still other jerseys. [DE 52 at 4; DE 53 at 2.] Cross's claim of patent infringement is deficient under *Twombly* and does not meet the minimum standards required by Rule 12(b)(6).

The trade dress claim is similarly inadequate. To state a claim for trade dress infringement, a party must set forth a precise expression of the characteristics and scope of the claimed trade dress. *High Point Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301, 1317 (Fed.Cir. 2013) (internal quotations and citations omitted). In addition, Cross must plead (and eventually prove, though not at this stage) that he owns a valid trade dress in a particular design, that the trade dress is not functional, and that defendant's products mimicked Cross's design in a way that is "likely to cause consumer confusion as to [the jerseys'] source." *Bodum USA, Inc. v. A Top New Casting Inc.*, 927 F.3d 486, 491 (7th Cir. 2019). *See also Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d. 1007, 1015 (7th Cir. 2005).

Cross must provide enough detail to put the defendants on notice as to what Cross believes constitutes the protected trade dress. *See Mighty Deer Lick, Inc. v. Morton Salt, Inc.*, No. 17-CV-05875, 2020 WL 635904, at *8 (N.D. Ill. Feb. 11, 2020), and *Weber-Stephen Prods. LLC v. Sears Holding Corp.*, No. 13-cv-01686, 2013 WL 5782433, at *3–4 (N.D. Ill. Oct. 25, 2013) (explaining that plaintiffs must identify and describe trade dress in some detail to survive a motion to dismiss). He has not done so. His trade

dress claim is entirely deficient to put defendants on reasonable notice as to the basis of his claim.

The defendant retailers assert several other arguments, including that Cross can state no viable claim for infringement of the '471 Patent or trade dress infringement related to it because the '471 Patent expired in November 2007. Statute of limitations arguments are not generally appropriate at the motion to dismiss stage because a complaint is not required to anticipate and overcome affirmative defenses. *Sidney Hillman Health Ctr. of Rochester v. Abbott Laboratories, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015). Dismissal is appropriate "only where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613-14 (7th Cir. 2003) (internal quotation omitted).

The cover page of the '471 Patent shows the duration of the patent: "Term: 14 Years." [DE 1-1 at 3.] Based on the November 23, 1993 date of the patent, it expired in November 2007. Cross's infringement claim is subject to 35 U.S.C. §286: "Except as otherwise provided by law, no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action." It is clear that Cross has no claim for infringement based on the '471 Patent because it expired more than 14 years ago, and his claim is barred by §286. *See Korsinsky v. Microsoft Corp.*, 198 Fed.Appx. 931, 933 (Fed.Cir. 2006). Any infringement would have to have been committed during the term of the patent, and recovery of

damages would have had to have been sued for within six years, or no later than November 23, 2013. The motion to dismiss will be granted as to any damages for infringement of the '471 Patent.

Walmart, Dick's and Kohl's also offer several other arguments that go well beyond the usual bounds of Rule 12(b)(6) analysis. Principal among these is the contention that the accused jerseys do not infringe the '136 and '633 Patents because the garments are plainly dissimilar from the patented designs. These are matters not merely of the sufficiency of Cross's pleading but go to the merits of his infringement claims. Acknowledging this, Dick's and Kohl's argue that many courts have found it appropriate even at the pleading stage to address such arguments to weed out meritless design patent infringement claims.

I am not persuaded to undertake that analysis, or any of the other arguments going to the merits of Cross's claims, at least not now. The sorry state of the complaint not only leaves the defendants unable to fully and fairly respond, but leaves me without a sufficient understanding of the claims to give them the appropriate analysis, including an analysis of the futility of amendment. For instance, Cross's failure to particularly identify the accused products associated with each defendant, a failure amplified by the additional screenshots he has submitted with his opposition briefs, makes it impossible to engage in a "plainly dissimilar" analysis, when the accused products have not been clearly identified. The policy of the Seventh Circuit is strongly in favor of a plaintiff having an opportunity to replead a complaint that is found to be subject to dismissal for

7

failure to state a claim, but the plaintiff may have to request leave to file and demonstrate that justice so requires. *White v. Illinois State Police*, 15 F.4th 801, 808 (7th Cir. 2021); *Williams v. Pritzker*, 2021 WL 4955683, *1 (7th Cir. Oct. 26, 2021). And the Federal Circuit defers to regional circuit law on the subject of leave to amend a complaint. *Celgene Corporation v. Mylan Pharm., Inc.*, 17 F.4th 1111, 1130 n.13 (Fed.Cir. 2021). Unless "it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago and Northwest Indiana*, 786 F.3d 510, 519 (7th Cir. 2015) (emphasis in original).

All four motions to dismiss will be granted to the extent that I conclude that Cross's complaint fails to state a claim upon which relief can be granted. The dismissal is as yet without prejudice, and Cross will be granted the opportunity to file a motion for leave to file a first amended complaint, which must be submitted with the motion. In order for the motion to be granted, the proposed first amended complaint must meet the standards of Rule 12(b)(6) as set forth in *Twombly* and *Iqbal*. In the context of claims for patent infringement, this will require the text of the complaint, and not merely visual exhibits submitted without verbal explanation, to identify the particular products of each defendant that are accused of infringing, as well as "some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC*, 4 F.4th at 1353.

With respect to any claims for trade dress infringement, the first amended complaint must precisely describe the characteristics and scope of the claimed trade dress. *High Point Design LLC*, 730 F.3d at 1317. As I've earlier explained, in addition, Cross must plead that he owns a valid trade dress in a particular design, that the trade dress is not functional, and how each defendant's accused products mimicked Cross's design in a way that is "likely to cause consumer confusion as to [the jerseys'] source." *Bodum USA, Inc.*, 927 F.3d at 491.

Because it is not appropriate for me to give legal advice to Cross or any other party, these observations merely parrot the law I have applied in determining some necessary features Cross's original complaint lacks. They are not intended as a complete catalogue of all that might be required to state a claim upon which relief may be granted. If Cross files a motion for leave to amend and a proposed first amended complaint, defendants will be permitted to file a response to the motion and Cross a reply. If Cross fails to demonstrate that his first amended complaint overcomes the problems of his original complaint, the motion for leave to amend may be denied and the case then dismissed with prejudice rather than without. *Loughran v. Wells Fargo Bank, N.A.*, 2 F.4th 640, 651 (7th Cir. 2021) (request for leave to amend requires "the necessary details, such as how the amended complaint would be different or which defects it would cure"); *Williams*, 2021 WL 4955683, *2 ("Without details about a plaintiff's proposed amendments, we cannot say justice required granting leave to amend, and we therefore will not upset the district court's dismissal with prejudice.")

9

**Conclusion**

"A motion to dismiss...for failure to state a claim upon which relief can be granted is appropriate when the facts asserted by the plaintiff do not entitle him to a legal remedy." *Potter v. United States*, 424 Fed.Appx. 941, 943 (Fed.Cir. 2011) (quoting *Boyle v. United States*, 200 F.3d 1369, 1372 (Fed.Cir. 2000)).  The complaint's lack of an adequate factual basis for the claims of patent infringement and trade dress infringement make it subject to dismissal under this standard.  In addition, the claims of infringement of the oldest of the three patents appear to be time-barred.  Applying the Seventh Circuit's general rule that after a dismissal under Rule 12(b)(6), a plaintiff is given at least one opportunity to amend the pleading, I will set a date by which Cross may seek leave to file an amended complaint that contains allegations sufficient to support his claims for relief.  *Runnion*, 786 F.3d at 519.[1]

**ACCORDINGLY:**

Defendant Walmart Inc.'s Motion to Dismiss or Alternatively for More Definite Statement [DE 32], defendant Dick's Sporting Goods Inc.'s Motion to Dismiss Plaintiff's Complaint with Prejudice [DE 34], defendant Kohl's Inc.'s Motion to Dismiss Plaintiff's Complaint with Prejudice [DE 37], and defendant Amazon Inc.'s Motion to Dismiss [DE 40] are GRANTED IN PART as follows.  In all other respects, the motions are DENIED WITHOUT PREJUDICE.

---

[1] Cross would also do well to heed Amazon's advice as to its correct corporate name ("Amazon.com, Inc.") [DE 41 at 5], and to avoid repeating the error of serving a defendant with a different exhibit than the one filed with the court [DE 40 at 3; DE 41 at 6].

Plaintiff James E. Cross's claims for infringement of U.S. Patent No. Des. D341,471 dated November 23, 1993 are DISMISSED WITH PREJUDICE as untimely pursuant to 35 U.S.C. §286.

The remaining claims of Cross's complaint are DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief may be granted.

Plaintiff James E. Cross may file a motion for leave to file a First Amended Complaint, accompanied by a proposed First Amended Complaint, no later than **February 28, 2022.**

SO ORDERED.

ENTERED: January 14, 2022.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT