UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMES E. CROSS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 2:21CV198-PPS/JPK |
| DICK'S SPORTING GOODS, INC, KOHL'S INC, WALMART INC, and AMAZON INC, | ) ) ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

My opinion and order of January 14, 2022 granted the four retailer defendants' motions to dismiss plaintiff James E. Cross's complaint for patent infringement and trade dress infringement. [DE 65.] I set a deadline by which Cross could seek leave to file a first amended complaint. He has now done so, and defendants Dick's Sporting Goods, Kohl's, Walmart and Amazon all oppose such leave and ask that the entire case be dismissed with prejudice. The cases and analysis that supported my earlier opinion provided a number of requirements for any amended complaint submitted by Cross, and the opinion warned that "[i]f Cross fails to demonstrate that his first amended complaint overcomes the problems of his original complaint, the motion for leave to amend may be denied and the case then dismissed with prejudice rather than without." [DE 65 at 9.] This opinion explains the defects of the amended complaint Cross has submitted, which warrant dismissal of the action with prejudice.

**Legal Standards Governing Leave to Amend**

"A district court acts within its discretion in denying leave to amend, either by dismissing a complaint with prejudice or by denying a post-judgment motion, when the plaintiff fails to demonstrate how the proposed amendment would cure the deficiencies in the prior complaint." *Gonzalez-Koeneke v. West*, 791 F.3d 801, 808 (7th Cir. 2015). "District courts 'may deny leave to amend...where there is a good reason to do so,' such as 'futility, undue delay, prejudice, or bad faith.'" *Law Offices of David Freydin, P.C. v. Chamara*, 24 F.4th 1122, 1133 (7th Cir. 2022), quoting *R3 Composites Corp. v. G&S Sales Corp.*, 960 F.3d 935, 946 (7th Cir. 2020). Leave to amend may be denied if the amendment would be futile, that is, when the proposed pleading would not withstand a motion to dismiss. *Glover v. Carr*, 949 F.3d 364, 367-68 (7th Cir. 2020); *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir. 2014). The substantive oppositions of Amazon, Walmart, Kohl's, and Dick's make arguments in support of dismissal for failure to state a claim, and are the equivalent of motions under Rule 12(b)(6). Cross has had the same opportunity to respond in his defense as he would have to formal motions to dismiss.

**Discussion**

Cross submitted two documents bearing the title "Motion for Leave to File a First Amended Complaint, Accompanied by a a Proposed First Amended Complaint," although the last two words are missing from one. [DE 69, 69-2.] From its contents and from the additional legend "First Amended Complaint for Patent Infringement" included in its caption, the document docketed as DE 69 is clearly the intended First Amended Complaint. Cross's proposed first amended complaint contains claims of patent

2

infringement based on two United States Design Patents granted to Cross -- U.S. Patent No. D580,633S, dated November 18, 2008, and No. D581,136S dated November 25, 2008, both of which claim an "ornamental design for a convertible t-shirt." [DE 69-1 at 3, 7.] In my last ruling, I dismissed with prejudice Cross's claims based on an earlier expired patent, U.S. Patent No. Des. D341,471 dated November 23, 1993, for an "ornamental design for a T-shirt." Cross has not reasserted claims for infringement of the '471 Patent, nor has he renewed his claim of trade dress infringement.

The principle shortcoming of Cross's original complaint was that its substantive content was "entirely threadbare." [DE 65 at 1.] Cross was advised that his claims of patent infringement would "require the text of the complaint, and not merely visual exhibits submitted without verbal explanation, to identify the particular products of each defendant that are accused of infringing," and that the pleading must contain "'some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim.'" [*Id*. at 8, citing *Bot M8 LLC v. Sony Corporation of America*, 4 F.4th 1342, 1353 (Fed. Cir. 2021).] The first amended complaint Cross has submitted does not meet these objectives, and has other defects as well.

Rule 10 of the Federal Rules of Civil Procedure governs the Form of Pleadings. Rule 10(b) provides that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." With respect to complaints, this is so a defendant's answer may "refer by number to a paragraph in an earlier pleading" so as to admit or deny each allegation asserted, as required by Rule 8(b)(1)(B). Cross's first amended complaint begins with an unnumbered

3

introductory paragraph and continues with 15 numbered paragraphs of allegations appropriate to a complaint. [DE 69 at 1-3.] Then things go off the rails, pleading-wise. Pages 4 through 14 of the complaint contain more than 10 pages of assertions that are not organized into paragraphs at all, much less numbered paragraphs. This material would be impossible for a defendant to respond to in any organized fashion.

More substantively, as before, Cross fails to identify in the text of his complaint which products of each defendant are accused of infringing which of his patents, and fails to set forth factual allegations providing a plausible explanation of why each is infringing. General assertions are made, such as that the defendants "are making and using the Plaintiff Cross 'patented process' cutting the jersey garment down the center and inserting the full-length separating zipper down the front of valid patents '163 and '633, that constitute the material part." [DE 69 at 7.] This passage refers to what Cross clearly sees as the central feature of his patents. His first amended complaint repeatedly stresses what he calls the "material part" of his designs: "the full-length separating zipper down the front of the T-shirt/jerseys." [*Id.* at 5.] *See also* DE 69 at 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 19. Cross also attributes the same "material" feature to the expired '471 Patent: "Plaintiff Cross valid patents '136 and '633 feature the identical material base part as the Plaintiff Cross expired patent '471." [*Id*. at 8.] Rather than identify each allegedly infringing product in the text of the complaint, with factual allegations specific to each product in support of the allegation of infringement, the first amended complaint makes general allegations and inserts group references to the exhibits depicting the defendants' products. *See*, *e.g.*, DE 69 at 10, 11. And this occurs within the more than 10 pages of

4

undifferentiated allegations without paragraphs, to which defendants could not reasonably be expected to respond as required by Rule 8(b)(1)(B). Efforts to provide the necessary product-specific allegations in Cross's reply brief are insufficient in themselves and in any event are misplaced, as they are absent from the pleading itself.

In the design patent context, dismissal for failure to state a claim is appropriate where the claimed design and the allegedly infringing product are not substantially similar. *Pepitone v. American Standard, Inc.*, 983 F.2d 1087, 1992 WL 336539, at *2 (Table) (Fed.Cir. Nov. 17, 1992). "[M]any courts have dismissed claims of design infringement on Rule 12(b)(6) motions where, as a matter of law, the court finds that no reasonable fact-finder could find infringement." *MSA Products, Inc. v. Nifty Home Products, Inc.*, 883 F.Supp.2d 535, 540 (D.N.J. 2012) (collecting cases).

Cross's allegations of infringement are centered on the "material part" of his patents, the front zipper. In an apparent misunderstanding of a distinction between utility patents and design patents, Cross cites 35 U.S.C. §271(c), which may be the origin of his "material part" language: "Whoever offers to sell or sells within the United States...a component of a patented machine, manufacture, combination or composition,.... constituting a **material part** of the invention...shall be liable as a contributory infringer" (emphasis as added by Cross). [DE 69 at 13.] But this provision does not apply to infringement of a design patent. As defendants point out, with a design patent, no particular element of the design is protected against use by others. "It is the appearance of a design as a whole which is controlling," and "[t]here can be no infringement based on the similarity of specific features if the overall appearance of the designs are dissimilar."

5

*OddzOn Products, Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1405 (Fed.Cir. 1997).  The proper inquiry is not "whether the accused design has appropriated a single specified feature of the claimed design." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 677 (Fed.Cir. 2008). The first amended complaint does not offer allegations articulating how the "overall appearance" of any particular accused jersey, or the appearance of their "design as a whole" infringes Cross's patents.

      Apparently in an effort to make some of the accused products appear more similar to the patented design claimed in the '136 Patent, Cross has submitted altered images of the patent's cover page, showing the "convertible" shirt with short sleeves [DE 69-1 at 9 as Exh. B-1] and sleeveless [DE 69-1 at 7 as Exh. B].  The design as shown on the unaltered '136 Patent is a long-sleeved garment with zippers around the sleeve at the armhole and elbow to permit conversion to a short-sleeved or sleeveless shirt.  [DE 74-3 at 2.]  This sort of duplicity is unacceptable, particularly as infringement of a design patent is determined by reference to the drawings in the patent.  "To define the scope of a design patent, we have traditionally focused on the figures illustrated in the patent." *Curver Luxembourg, SARL v. Home Expressions Inc.*, 938 F.3d 1334, 1339 (Fed.Cir. 2019) (collecting cases). "Design patents have almost no scope.  The claim at bar, as in all design cases, is limited to what is shown in the application drawings." *In re Mann*, 861 F.3d 1581, 1582 (Fed.Cir. 1988).

      Because it is the overall design that is protected by a design patent, infringement is shown only if an ordinary observer would perceive the two designs as substantially the same.  *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed.Cir. 2015);

*Egyptian Goddess*, 543 F.3d at 670. Differences between the two designs "must be evaluated in the context of the claimed design as a whole, and not in the context of separate elements in isolation." *Ethicon*, 796 at 1335. The presence of a center front zipper is not legally sufficient to demonstrate infringement of Cross's patents. Applying the "ordinary observer" test, it is apparent that none of the defendant retailers' products shown in the exhibits to Cross's amended complaint contain a zipper in the center back, as is shown in both the '633 Patent and the '136 Patent.[1] The defendants point out other distinguishing features. [DE 72 at 7-8, 10-11, 16; DE 74 at 3, 17-20.] Considering the designs as a whole, rather than focusing on any single feature, Cross's patented designs are plainly dissimilar. "Where the claimed and accused designs are 'sufficiently distinct' and 'plainly dissimilar,' the patentee fails to meet its burden of proving infringement as a matter of law." *Ethicon*, 796 at 1335. That is the case here, and supports the conclusion that the proposed amendment to Cross's complaint is futile.

Cross fails to plead a viable design patent claim for yet another reason: his pleading acknowledges that the "material part" on which he bases his allegations is functional in nature. Under 35 U.S.C. §171(a), "a design patent, unlike a utility patent, limits protection to the ornamental design of the article." *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1293 (Fed.Cir. 2010). Where a design contains both functional and ornamental aspects, a design patent's "scope is limited to those [ornamental] aspects alone and does not extend to any functional elements of the claimed article." *Id.* at 1294.

---

[1] Cross's '471 Patent design did not include the center back zipper, but that patent is expired and is not asserted by Cross in the amended complaint.

Repeatedly the first amended complaint references the functional nature of the "material part" zipper.

On page 4, the complaint explains that "the 'material part'...had to be 'especially made' to bring into existence the new patented invention that changed the way T-Shirt/jerseys could be worn." [DE 69 at 4.] The full-length separate zipper down the front of the garment created "a T-shirt [that] could be put on as practical and as convenient as a jacket, one arm at a time." [*Id*.] On page 10, the complaint similarly explains that the zipper "makes [the shirts] more **convenient** and **practical** to put on and take off than the traditional t-shirts invented by R.L. Beard." [*Id*. at 10 (bold in original).] Cross goes on to emphasize that "All the Accused Jerseys from all four Giant Retailers...feature the same full length separating zipper down the front the "**material part**" that do not have to be pulled over the head to put them on and take them off." [*Id*. (bold in original).] Again on page 11, the complaint highlights that the "material part" zipper "allow[s the patented designs] to be put on one arm at a time like a jacket" and "not have to be pulled over the head to put on or take off." [*Id*. at 11.] In his reply, Cross attempts to identify the "material part" zipper as an ornamental element of his patented designs, but the characterization is at odds with his proffered complaint and is unconvincing. A claim of design patent infringement cannot be stated based on this functional element, and for this reason as well, the proposed first amended complaint appears to be futile.

## Conclusion

Plaintiff Cross has had two opportunities to state viable claims of patent infringement, and was given the second chance with considerable guidance as to what was

8

required.  He has failed to present claims that could withstand a motion to dismiss, and his theory of patent infringement appears to be futile.  Cross's motion for leave to file his proffered first amended complaint will be denied, and the case dismissed with prejudice.

**ACCORDINGLY:**

Plaintiff James E. Cross's Motion for Leave to File a First Amended Complaint [DE 69-2] is DENIED.

The action is DISMISSED WITH PREJUDICE.

SO ORDERED this 5th day of April, 2022.

/s/ Philip P. Simon
UNITED STATES DISTRICT JUDGE